UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OFA TAIMANI AND ELIZABETH KIOA**,<br><br>Plaintiffs,<br><br>v.<br><br>**RESIDENTIAL MORTGAGE LOAN TRUST 2013-TT2**, *et al.*<br><br>Defendants. | Case No. 16-cv-02992-YGR<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION**<br><br>Re: Dkt. Nos. 3, 7 |

*Pro se* plaintiffs Ofa Taimani and Elizabeth Kioa filed this action on June 3, 2016 against defendants Residential Mortgage Loan Trust 2013-TT2, *et al*. (collectively, "defendants"), asserting claims for: (1) fraud in concealment; (2) fraud in inducement; (3) wrongful foreclosure; (4) lack of standing to foreclose; (5) intentional infliction of emotional distress; (6) violation of the Real Estate Settlement Procedures Act; (7) violation of California Business and Professions Code, sections 17200, *et seq.*; (8) violation of California Civil Code sections 2923.5, 2923.52, 2924(a); and (9) foreclosure in violation of the statute of limitations. (Dkt. No. 1.) Based thereon, plaintiffs seek to quiet title and additionally seek declaratory relief, rescission, and monetary damages. (*Id*.) Plaintiffs are residents of Alameda County, California, and are the purported sole owners of the residential real property located at 26893 Boca Raton Court, Hayward, California (the "Subject Property"), to which this action relates.

**I.   DISCUSSION**

In conjunction with their complaint, plaintiffs filed a notice of motion and motion for preliminary injunction. (Dkt. No. 3.) That motion contained no requested relief and merely

recounted the procedure to be followed in California state courts.[1] Then, on June 6, 2016, plaintiffs filed a document entitled "complaint for temporary restraining order, preliminary injunction, and permanent injunction." (Dkt. No. 7.) The Court construes this document as an *ex parte* motion for a temporary restraining order. The motion principally asks the Court to prohibit defendants from foreclosing on the Subject Property. According to plaintiffs' filing, a trustee's sale of the Subject Property is scheduled to take place today, June 7, 2016.

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1347 n.2 (1977); *Stuhlbarg lnt'l Sales Co., Inc. v. John D. Brush & Co., Inc.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations omitted). Whether seeking a temporary restraining order or a preliminary injunction, a plaintiff must establish four factors, namely that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). "Moreover, a district court should be wary of issuing an injunction based solely upon allegations and conclusory affidavits submitted by plaintiff." *Atari Games Corp. v. Nintendo of Am., Inc.*, 897 F.2d 1572, 1575 (Fed. Cir. 1990) (citing *Am. Passage Media Corp. v. Cass Commc'ns, Inc.*, 750 F.2d 1470, 1471 (9th Cir. 1985)).

Civil Local Rule 65-1, which governs requests for temporary restraining orders, provides as follows:

> (a) **Documentation Required.** An ex parte motion for a temporary restraining order must be accompanied by:
>
> > (1) A copy of the complaint;
> >
> > (2) A separate memorandum of points and authorities in support of the motion;

---

[1] On that basis alone, the Court **DENIES** plaintiffs' notice of motion and motion for preliminary injunction **WITHOUT PREJUDICE** to refiling. (Dkt. No. 3.)

2

>    (3) The proposed temporary restraining order; and
>
>    (4) Such other documents in support of the motion which the party wishes the Court to consider.
>
> (b) **Notice to Opposition of Ex Parte Motion.** Unless relieved by order of a Judge for good cause shown, on or before the day of an ex parte motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party.
>
> (c) **Form of Temporary Restraining Order.** No temporary restraining order will be issued except with an order to show cause fixing the time for hearing a motion for a preliminary injunction, which shall be scheduled pursuant to Fed. R. Civ. P. 65(b). Proposed orders submitted under this Rule must provide a place for the Judge to fix the time within which the restraining order and all supporting pleadings and papers must be served upon the adverse party of any opposing papers.

The related Federal Rule of Civil Procedure 65 provides, in part, as follows:

> (b) TEMPORARY RESTRAINING ORDER.
>
>    (1) **Issuing Without Notice.** The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
>       (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
>       (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Here, the Court cannot reach the merits of the motion because plaintiffs have not complied with the requirements of the above rules. Importantly, plaintiffs did not serve defendants or show any attempt to give notice to defendants of their motion. Even if plaintiffs had given defendants the appropriate notice, the Court would be unable to grant relief without a notice of sale or other documentation showing the trustee's sale of the Subject Property is scheduled to take place today. Moreover, plaintiffs did not meet the additional procedural requirements that they attach a separate memorandum of points and authorities in support of the motion or submit a proposed temporary restraining order. "The stringent restrictions imposed by [Rule 65] on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion

3

of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 438-39 (1974). Defendants have not yet appeared in the case and there is no indication that they have been served with the complaint or the motion for a temporary restraining order. Plaintiffs also did not file a declaration establishing good cause for their apparent failure to timely provide notice of the request to defendants. In light of these procedural failings, denial of the request is warranted. *See Wofford v. Hamilton*, 2013 WL 2456582, at *2 (N.D. Cal. June 6, 2013) (noting a *pro se* plaintiff's "failure to satisfy the requirements for the issuance of an ex parte [temporary restraining order], standing alone, warrant the denial of her ex parte motion for [temporary restraining order]").

The Court therefore **DENIES** the request for a temporary restraining order **WITHOUT PREJUDICE**. Plaintiffs have failed to comply with the requirements of the applicable local and federal rules. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

Beyond these threshold procedural deficiencies, there is an alternative basis for denying the request; namely, plaintiffs have failed to meet their burden of demonstrating that a temporary restraining order is warranted due to the state of the underlying complaint. The allegations are conclusory and generally fail to comply with the requirements of Federal Rule of Civil Procedure 8(a) and – to the extent certain allegations sound in fraud – Federal Rule of Civil Procedure 9(b). Under such circumstances, it would be improper for the Court to grant the relief sought even in the absence of the previously discussed procedural deficiencies. *See, e.g.*, *Bouyer v. IndyMac Fed. Bank*, 2009 WL 1765668, at *2 (N.D. Cal. June 18, 2009) (denying motion for a temporary restraining order to stop a foreclosure auction where plaintiffs failed to follow procedural rules and alleged "very few specific facts in their complaint," instead presenting "conclusory allegations" that failed to satisfy Federal Rules of Civil Procedure 8 and 9(b)); *Holcomb v. California Bd. of Psychology,* 2015 WL 7430625, at *5 (E.D. Cal. Nov. 23, 2015) (denying motion for a TRO where the "Complaint and Motion . . . provide vague, conclusory allegations, rather than specific facts or evidence" as to a certain claim and fail to provide "sufficient information for the court to

4

1  evaluate [plaintiff's] remaining theories").

2  **II. CONCLUSION**

3  For the foregoing reasons, the Court **DENIES** the request **WITHOUT PREJUDICE** to

4  plaintiffs re-filing the motion in conformance with all applicable rules, including without

5  limitation those relating to notice.

6  Plaintiffs may wish to seek assistance at the Court's Legal Help Center. The Legal Help

7  Center may assist persons who do not have lawyers if they make an appointment. The Legal Help

8  Center's phone number is (415) 782-8982 and its website is http://cand.uscourts.gov/helpcentersf.

9  This Order terminates Docket Numbers 3 and 7.

10  **IT IS SO ORDERED.**

11  Dated: June 7, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**