United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OFA TAIMANI AND ELIZABETH KIOA**, <br> Plaintiffs, <br> v. <br> **RESIDENTIAL MORTGAGE LOAN TRUST 2013-TT2,** *ET AL.*, <br> Defendants. | Case No. 16-cv-02992-YGR <br><br> **ORDER DENYING MOTIONS TO CONSOLIDATE AND TO AMEND OPPOSITION** <br><br> Re: Dkt. Nos. 40, 56 |

Before the Court is plaintiffs' Motion for Consolidation of Cases (Dkt. No. 40) and Motion to Amend Opposition to Defendants' Dismissal (Dkt. No. 56). The Court is also in receipt of defendants' Motion to Dismiss (Dkt. No. 42), plaintiffs' Opposition to the Motion (Dkt. No. 57), and defendants' Reply to the Opposition (Dkt. No. 59).[1] Because the Court previously granted plaintiffs two extensions, and warned plaintiffs that it would grant no further extensions absent a showing of good cause, the Court **DENIES** the Motion to Amend Opposition to Defendants' Dismissal.[2]

---

[1] The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Accordingly, the hearing set for March 14, 2017 is **VACATED**. The Court will issue a written decision on the papers.

[2] The Court notes that, for the first time, plaintiffs have argued they have difficultly with language comprehension to justify what is, effectively, a request for yet another extension. Despite the language difficulty, though, plaintiffs nonetheless filed a 120-page opposition (Dkt. No. 57) on February 21, 2017. Plaintiffs also appear to understand the Court's orders and, in fact, noted that they were filing their Opposition as directed by the Court. While the Court appreciates the difficulties associated with litigating as a *pro se*, that status will not change with a further extension. Accordingly, as it does in the numerous cases the Court must evaluate with *pro se* litigants, the Court will evaluate the motion and draw appropriate inferences in favor of plaintiffs given their status. Further, the review will be both thorough and independent.

1   Regarding the Motion for Consolidation, *pro se* plaintiffs Ofa Taimani and Elizabeth Kioa seek to consolidate the instant civil action with their pending unlawful detainer case filed in Alameda County Superior Court (case no. HG168225172) ("the unlawful detainer action"). Defendants filed an untimely opposition (Dkt. No. 46). Having carefully considered the papers submitted in this action, and for the reasons set forth below, the Court hereby **DENIES WITH PREJUDICE** the Motion to Consolidate.[3]

Federal Rule of Civil Procedure 42 allows the Court to consolidate only pending federal court actions.[4] *See Or. Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972) ("Rule 42 applies to cases that are properly before the same court."); *see also Mikels v. Estep*, No. C-12-0056 EMC, 2012 WL 1231832, at *4 (N.D. Cal. Apr. 12, 2012) (denying motion to consolidate state court unlawful detainer action with federal case). Because the unlawful detainer action has not been removed to federal court, consolidation is not permissible under Rule 42.[5]

Accordingly, the Motion to Consolidate is **DENIED WITH PREJUDICE**.

This Order terminates Docket Numbers 40 and 56.

**IT IS SO ORDERED.**

Dated: March 6, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[3] Based on the authorities cited above, the Court finds that this motion is also appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Civil L.R. 7-1(b).

[4] In their motion, plaintiffs incorrectly rely upon California Code of Civil Procedure section 1048(a). This rule does not apply in federal court. Instead, Federal Rule of Civil Procedure 42 provides the appropriate legal standard here.

[5] Moreover, plaintiffs cannot assert diversity jurisdiction pursuant to 28 U.S.C. section 1441(b)(2). That section provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Here, no such diversity exists.