UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OFA TAIMANI & ELIZABETH KIOA**, <br> Plaintiffs, <br> vs. <br> **RESIDENTIAL MORTGAGE LOAN TRUST 2013-TT2 ET. AL.,** <br> Defendants. | Case No. 16-cv-2992-YGR <br><br> **ORDER GRANTING MOTION FOR LEAVE TO AMEND, DENYING MOTION TO DISMISS AS MOOT** <br><br> Re: Dkt. No. 42, 67 |

On June 3, 2016, plaintiffs Ofa Taimani and Elizabeth Kioa filed a complaint against defendant Residential Mortgage Loan Trust and several others, alleging twelve claims arising from defendants' actions preceding to the allegedly wrongful foreclosure of plaintiffs' property. (Dkt. No. 1). Plaintiffs amended their complaint on August 19, 2017. (Dkt. No. 25). Defendants filed a motion to dismiss, or, in the alternative for a more definite statement on January 20, 2017, arguing that the claims in the amended complaint (1) are barred under the doctrine of claim preclusion, (2) do not allege wrongful conduct by the defendants, and (3) fail as a matter of law. (Dkt. No. 42, Motion to Dismiss). Plaintiffs filed their opposition on February 12, 2017. (Dkt. No. 57). Defendants' filed their reply on February 28, 2017. (Dkt. No. 59). On March 30, 2017, plaintiffs moved to substitute attorney Arasto Farsad in place of Ofa Taimai and Elizabeth Koa, who had previously proceeded *pro se*. (Dkt. No. 66).

Now before the Court is plaintiffs' Motion for Leave to File a Second Amended Complaint. (Dkt. No. 67, "Motion for Leave to File SAC"). Defendants filed their opposition on April 17, 2017, arguing that plaintiffs' motion should be denied, or, in the alternative, denied until defendant's pending Motion to Dismiss is heard. (Dkt. No. 74, Opposition). Plaintiff filed their reply on April 21, 2017. (Dkt. No. 75). Having carefully considered the pleadings and the papers

submitted on the motion, and for the reasons set forth below, the Court **GRANTS** plaintiffs' motion for leave to file a Second Amended Complaint, and **DENIES** the Motion to Dismiss as moot..

### I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend a pleading "shall be freely given when justice so requires." Federal Rule of Civil Procedure § 15(a)(2). The Ninth Circuit has held that "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *See also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981); *Cooper Development Co. v. Employers Insurance of Wausau*, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991) (courts have been "quite liberal" in granting leave to amend). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987) (citing *Loehr v. Ventura Cty. Cmty. Coll. Dist.,* 743 F.2d 1310, 1319 (9th Cir. 1984)).

### II. DISCUSSION

Plaintiffs argue that leave to file a SAC should be granted because: (1) the SAC, drafted by newly-retained counsel, seeks to correct deficiencies in plaintiffs' *pro se* complaint; (2) the SAC removes causes of action that counsel believes have little or no merit; (3) the new causes of action are all related to California's strict non-judicial foreclosure statute; and (4) defendants will not be prejudiced, and may in fact benefit because the SAC narrows the scope and issues in this case.

Defendants counter that plaintiffs' motion for leave to file a SAC should be denied on two grounds: (1) claims raised in the SAC are barred by the doctrine of claim preclusion, and (2) the motion is an effort to delay, hinder, and otherwise avoid legitimate foreclosure proceedings. Regarding the first issue, defendants contend that the allegations in the SAC are based on facts that occurred in 2012 and 2013, and, therefore, were or could have been raised in plaintiffs' original state court action. This argument is prominent in defendants' motion to dismiss as well. Although the doctrine of claim preclusion may ultimately bar plaintiffs' claims in this case, the Court finds that plaintiffs, now represented by counsel, ought to have an opportunity to amend their complaint and

articulate their claims as coherently as possible, because "justice so requires." *See* Federal Rule of Civil Procedure § 15(a)(2). This is especially true because the Superior Court of California sustained defendants' demurrer based on the "somewhat intelligible and difficult to follow" nature of plaintiffs' complaint. (Dkt. No. 75-1, Superior Court Demurer to Complaint Sustained).

Regarding the second issue, defendants have made no showing that plaintiffs' Motion for Leave to File a SAC is the product of bad faith, prejudice, or undue delay. *See DCD Programs, Ltd. v. Leighton,* 833 F.2d at 186. Rather, they focus mainly on plaintiffs' prior bankruptcy filings, which are not relevant here. Defendants recognize that leave to amend under Rule 15(a) is liberally construed, and, as such they themselves are "reluctant to formally oppose Plaintiffs' request." (Opposition at 2). And rightly so. In their motion to dismiss, defendants complain that plaintiffs' claims "make no attempt to distinguish among the various named defendants or allege how any of them are liable to Plaintiffs." (Motion to Dismiss at 15). Granting leave to file a SAC will afford plaintiffs an opportunity to address this concern. Further, after years of proceeding *pro se*, plaintiffs have now retained counsel. Under Rule 15, plaintiffs, now with the benefit of legal representation, should have an opportunity to file an amended complaint.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiffs' motion for leave to file a SAC. In light of the filing of the amended complaint, defendants' pending Motion to Dismiss is **DENIED** as moot.

Given the concerns about delay, plaintiffs shall file the proposed SAC within **two business days** of the date of this order. Defendants may respond as expeditiously as they would like, but in no event later than twenty-one days thereafter.

This Order terminates Dkt. Nos. 42 and 67. The hearing set for May 2, 2017 is **VACATED**.

**IT IS SO ORDERED.**

Dated: April 26, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

3